UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03 CR 90 |
| | ) | |
| FERNANDO DELATORRE, also known as | ) | Judge Ruben Castillo |
| "Fern," Fern-dog," and "Fernwood," | ) | |
| BOLIVAR BENABE, also known as "Jap," | ) | |
| JUAN JUAREZ, also known as "Ghost," | ) | |
| JULIAN SALAZAR, also known as "Mando," | ) | |
| "Comrade," "Conrad," Cuz," and "Cuzzo," | ) | |
| HAROLD CROWDER, also known as "H-Man,") | | |
| CHRISTIAN GUZMAN, also known as | ) | |
| "Mousey," and STEVEN SUSINKA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Despite being represented by counsel, beginning on October 16, 2007, Defendant Fernando Delatorre ("Mr. Delatorre") has filed numerous *pro se* motions, affidavits, petitions, notices, letters, and other filings with this Court. (*See* R. 470, 471, 493, 494, 495, 496, 497, 498, 499, 522, 578, 579, 581, 582, 584, 586, 607, 608, 612, 613, 614, 615, 640, 641.) This Court has received and reviewed all of Mr. Delatorre's *pro se* filings. This opinion addresses the reasons behind our earlier denials of Mr. Delatorre's motions, and our denial of his currently pending pleadings.

Mr. Delatorre essentially argues that the government and this Court do not have jurisdiction over him because: (1) the United States Criminal Code was never properly enacted and is thus void; (2) he is a "sovereign" "flesh and blood man," not the "fictional," capitalized entity, "FERNANDO DELATORRE" charged in the Indictment; and (3) United States district

courts do not have jurisdiction to enforce federal criminal law outside of the District of Columbia, Puerto Rico, Virgin Islands, and federal enclaves and territories. Mr. Delatorre also argues that the government's failure to respond to his demands for proof that his arguments are wrong constitutes a default; *i.e.*, an admission that Mr. Delatorre's arguments are correct, and that as a result the charges against him must be dismissed. The Court has no doubt about the sincerity with which Mr. Delatorre has asserted these theories—both in writing and in repeated oral presentations to the Court.

Similar arguments have been made by other defendants in the past, and they have *always* been rejected as erroneous as a matter of law. This Court has jurisdiction over Mr. Delatorre and his co-Defendants pursuant to 18 U.S.C. § 3231, which states: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The 1948 amendment to that statute passed both houses of Congress and was signed into law by President Truman on June 25, 1948, such that the jurisdictional statutes relied on in this case were properly enacted and are binding. *See United States v. Troy Lawrence*, No. 02 CR 200, slip. op. at 5-6 (N.D. Ill. Jan. 27, 2006). This Court must follow the Seventh Circuit Court of Appeals, which has also repeatedly held that there is no merit to the argument that Title 18—the federal criminal code—is unconstitutional because of supposed irregularities in its enactment. *See, e.g., United States v. Collins*, Nos. 05-4708, 06-2746, 06-3741, 2007 WL 4355361, at *1 (7th Cir. Dec. 14, 2007); *United States v. States*, No. 06-2345, 2007 WL 2768906, at *1 (7th Cir. Sept. 24, 2007) (*per curiam*); *see also United States v. Hernandez*, 330 F.3d 964, 977-78 (7th Cir. 2003) (the Seventh Circuit has "repeatedly held" that "district judges always have subject-matter jurisdiction based on any

2

indictment purporting to charge a violation of federal criminal law").

Furthermore, Mr. Delatorre is an actual, bona fide Defendant in this case. This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a "real flesh and blood man, in his private capacity," a "sovereign secured party creditor;" a debtor; the "authorized representative of the corporate fiction-entity/debtor identified as Fernando Delatorre," or "third party intervenor on behalf of Defendant/Debtor Fernando Delatorre." Mr. Delatorre's Uniform Commercial Code ("UCC"), copyright, and trademark filings do not change this fact. The Defendants charged in this case are not fictional creations, but individual citizens of the United States subject to its valid and enforceable laws. Mr. Delatorre is not a "sovereign" outside the jurisdiction of this Court, but an individual—"natural or unnatural"—subject to the criminal laws of this country "whether [he] requested, obtained or exercised any privilege from the federal government." *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991); *see also United States v. Raymond*, 228 F.3d 804, 812 (7th Cir. 2000) (rejecting argument that an individual can be a sovereign citizen of a state who is not subject to the jurisdiction of the United States); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (same). Accordingly, Mr. Delatorre's two experienced court-appointed attorneys are properly representing him—under any of the aforementioned names—as the one and only Fernando Delatorre indicted in this case.

Moreover, the laws of the federal government apply to United States citizens throughout the nation, not just in the District of Columbia or federal enclaves. *Sloan*, 939 F.2d at 500-01. This Court has an obligation under Article III of the United States Constitution to assert its subject-matter jurisdiction over defendants charged in an indictment with violating a federal

3

criminal law; Mr. Delatorre's interpretation of Article I of the Constitution, to the extent it would divest federal courts of the authority granted by Article III, is erroneous. This Court agrees with and is obligated to follow the extensive line of United States Supreme Court precedent—and that of every federal court in this nation—asserting jurisdiction over criminal defendants and actions occurring not just in the District of Columbia and certain federal territories, but in every state in this country.

Furthermore, the government's decision not to provide written answers to Mr. Delatorre's requests for proof does not constitute a default or agreement with Mr. Delatorre's arguments because the issue of subject matter jurisdiction—which in this case lies squarely with this Court for the reasons explained above—may not be waived. *See, e.g., Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). The government is not required to submit a "proof of claim" to Mr. Delatorre or the other Defendants before trial; rather, the government has the burden of proof at trial to prove the Defendants' guilt beyond a reasonable doubt.

Around the time he began submitting his *pro se* filings, Mr. Delatorre also began speaking out of turn, interrupting the attorneys as well as this Court during status and motion hearings, and ignoring direct orders and requests from this Court. During numerous court hearings, Mr. Delatorre orally reiterated many of the arguments this Court has just addressed, accused his attorneys of failing to represent him, demanded this Court answer his questions before he answered ours, and accused the government and this Court of illegally detaining him. This Court has given Mr. Delatorre enormous leeway, allowing him to voice his thoughts and opinions, but he continues to refuse to acknowledge and honor this Court's requests that he exercise self-control during court proceedings.

The Court hopes that this detailed opinion satisfactorily answers all of Mr. Delatorre's questions about the jurisdiction of this Court, and thus ends further uncontrolled outbursts by him in Court. Nevertheless, this Court has repeatedly warned Mr. Delatorre—and will continue to caution him—that his continued failure to obey this Court's orders could result in him being barred from the courtroom during jury selection or trial to avoid potential prejudice to his six co-Defendants and to himself.[1] The Seventh Circuit has recently warned against allowing courtroom behavior and atmosphere to "spiral[] out of control" such that co-defendants in the case become irretrievably prejudiced. *See United States v. Mannie*, 509 F.3d 851, 856 (7th Cir. 2007).

The Sixth Amendment guarantees the accused's right to be present in the courtroom at every stage of his trial and this Court "must indulge every reasonable presumption against the loss of constitutional rights." *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970). However, "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* at 343; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("The court may bar from the courtroom a criminal defendant who disrupts a trial."). The right to be present can be reclaimed as soon as the defendant is willing to conduct himself with the decorum and respect necessary for the proper, nonprejudicial administration of

---

[1] Further, this Court will not allow outbursts from any of the Defendants on the alleged ground of providing assistance to their attorneys. The Seventh Circuit "clearly disfavors any form of hybrid representation," because "it allows a defendant to address the jury, in his capacity as counsel, without being cross-examined, in his capacity as a defendant." *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001).

the judicial proceedings. *Allen*, 397 U.S. at 343. The rule in *Allen* is codified in Rule 43 of the Federal Rules of Criminal Procedure, which provides that a defendant waives his right to be present "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(c)(1)(C). "If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence." Fed. R. Crim. P. 43(c)(2).

For the reasons stated above, all of Mr. Delatorre's pending *pro se* motions are denied. This Court will assert its subject-matter jurisdiction over Mr. Delatorre and his co-Defendants as required by the United States Constitution, the Supreme Court, and the Seventh Circuit Court of Appeals, and proceed with this trial as scheduled. This Court respectfully requests that Mr. Delatorre allow his two competent court-appointed attorneys to represent him without any further courtroom speeches not expressly authorized by this Court.

ENTERED: *[signature]*
Judge Ruben Castillo
United States District Court

Dated: January 30, 2008

6