UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 03 CR 90 |
| ) | |
| FERNANDO DELATORRE, also known as ) | Judge Ruben Castillo |
| "Fern," Fern-dog," and "Fernwood," ) | |
| BOLIVAR BENABE, also known as "Jap," ) | |
| JUAN JUAREZ, also known as "Ghost," ) | |
| JULIAN SALAZAR, also known as "Mando," ) | |
| "Comrade," "Conrad," Cuz," and "Cuzzo," ) | |
| HAROLD CROWDER, also known as "H-Man,") | |
| CHRISTIAN GUZMAN, also known as ) | |
| "Mousey," and STEVEN SUSINKA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Last week, this Court issued a memorandum opinion and order denying Fernando Delatorre's motions to dismiss for lack of subject matter jurisdiction. (R. 696, Mem. Op. and Order.) Mr. Delatorre has now filed a *pro se* motion seeking to dismiss the Second Superseding Indictment ("Indictment") for alleged violation of the "Speedy Trial Act," 18 U.S.C. § 3161. In the current motion, Mr. Delatorre first rehashes the jurisdictional arguments this Court rejected, in detail, in the opinion issued last week. We direct Mr. Delatorre to read the prior opinion before reasserting these same failed arguments. (R. 696, Mem. Op. and Order.)

Ironically, the current motion presupposes the validity of this Court's subject matter jurisdiction and the federal statutes—Title 18—under which this Court is asserting its jurisdiction. (R. 706, Delatorre Mot. to Dismiss.) The Speedy Trial Act, 18 U.S.C. § 3161, seeks to implement a defendant's Sixth Amendment right to a speedy trial. *United States v.*

*Larson*, 417 F.3d 741, 746 (7th Cir. 2005); *see also United States v. Gastelum*, No. 07-1796, 2008 WL 189861, at *3 (7th Cir. Jan. 23, 2008). Under Section 3161(c)(1) of the Act, the trial of a defendant must begin within 70 days of the indictment or arraignment, except that certain periods of delay "shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(c), (h). In determining whether the 70-day limit was reached, the Court must determine "when the speedy trial clock started running, when it stopped running, and what parts of the elapsed time are excludable." *Gastelum*, 2008 WL 189861, at *3 (citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir.1995)). When a trial is not commenced within the prescribed period of time, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Under Section 3161(c)(1), the speedy trial clock begins to run from the later of two events: the date of indictment or the date the defendant appeared before a judicial officer on that charge. 18 U.S.C. § 3161(c). In this case, Mr. Delatorre was indicted on October 20, 2004 (R. 10), and arraigned on November 10, 2004 (R. 15). The arraignment, however, was originally scheduled for October 27, 2004. Regardless of which start date is used—November 10 or October 27—the speedy trial clock calculation remains the same because the Court properly excluded time from October 27 to November 10, 2004, pursuant to Section 1361(h)(8) to allow Mr. Delatorre time to retain an attorney or have one appointed to him by November 10, 2004. (R. 14, Minute Order.)

This Court has properly excluded time from November 10, 2004, through January 31, 2008. Primarily, this Court has excluded time for the preparation of pretrial motions and other

2

filings, which is time that "must be excluded" under Section 3161(h)(1)(F). *See United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987)). The Indictment charged sixteen defendants with a complex RICO conspiracy and other crimes, and until this Court's severance opinion (R. 525), fifteen defendants were before the Court. Now, at seven defendants, this case is still the largest criminal case this Court has faced in fourteen years on the bench. Since November 2004, the defendants in this case have filed at least 54 substantive motions. (R. 665, 663, 656, 662, 648, 661, 660, 659, 658, 633, 619, 602, 597, 596, 591, 589, 587, 583, 580, 573, 572, 568, 551, 545, 533, 516, 507, 450, 445, 444, 443, 442, 435, 434, 433, 432, 403, 388, 384, 367, 347, 342, 245, 213, 204, 166, 165, 164, 163, 162, 155, 154, 152, 151.) In response, this Court has issued five memorandum opinion and orders (R. 696, 652, 526, 424, 241), eleven substantive orders (R. 617, 577, 567, 560, 478, 460, 428, 417, 415, 315, 314), and held three evidentiary hearings.

In addition, this Court had to exclude time for preparation of pretrial motions and other filings under Section 3161(h)(1)(F) during the first two years of this case, when the government was considering seeking the death penalty against Defendants Fernando Delatorre, Bolivar Benabe, Julian Salazar, Harold Crowder, Christian Guzman, Akeem Horton[1], Steven Susinka, and Juan Juarez. In addition to appointing a second attorney with death penalty expertise for each defendant, this Court also approved the appointment of mitigation experts to assist in the defense attorneys' arguments against the death penalty. This Court also excluded time for death penalty-related matters under Section 3161(h)(2), which mandates the exclusion of time for "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant with the approval of the court, for the purpose

---

[1] Mr. Horton pleaded guilty on May 10, 2007. (R. 380, Plea Agreement.)

3

of allowing the defendant to demonstrate his good conduct." 18 U.S.C. § 3161(h)(2).

Moreover, the Court excluded time for these matters under 18 U.S.C. § 3161(h)(8)(A) and (B) because we found that the "ends of justice served"—allowing Defendants time to present mitigating evidence and experts to dissuade the Department of Justice from seeking the death penalty—outweighed the "best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In excluding time under this subsection, the Court must set forth, either orally or in writing, "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Throughout the approximately one and a half to two years it took to resolve the death penalty question, this Court repeatedly stated on the record our belief in the seriousness and severity of the decision whether to seek the death penalty and our intention to provide the defendants with all of the resources and time they needed to adequately present their cases. This Court's explanations amply satisfied Section 3161(h)(8)(A)'s requirement that we set forth our reasons for finding the ends of justice were best served by granting the continuances necessary for the defendants to adequately argue against the death penalty. *Zedner v. United States*, 126 S.Ct. 1976, 1989-90 (U.S. 2006). Indeed, the government ultimately declined to pursue the death penalty against any of the defendants in this case.

The large number of defendants indicted in this case also contributed to the Court's decision to exclude time based on the ends of justice requirement. This Court properly excluded time for delays attributable to joining the fifteen defendants—one of whom, Juan Juarez, was not arrested until April 25, 2007—because "due to the number of defendants," it was "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time

4

limits." 18 U.S.C. § 3161(h)(8)(B)(ii); *see also* 18 U.S.C. § 3161(h)(7) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"). In addition, as each defendant was arrested and then arraigned, this Court had a duty to exclude time in the interests of justice under 18 U.S.C. § 3161(h)(8)(B)(iv) to avoid unreasonably denying a defendant time to obtain counsel and effectively prepare for trial. (*See, e.g.*, R. 353, Juarez arraignment.) "It is well established . . . that the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance." *United States v. Parker*, 508 F.3d 434, 438 (7th Cir. 2007) (internal quotations omitted). Further, this Court excluded time for the psychological examination of Mr. Delatorre, as required under Section 3161(h)(1)(A), which states that a "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" should be excluded in computing time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). (*See* R. 541, 477.) In light of all of the aforementioned mandatory exclusions of time, the Court finds that the Speedy Trial Act was not violated, as the trial will have commenced within 70 days from the date of Mr. Delatorre's arraignment.

Finally, even if this Court had found that the Speedy Trial Act was violated, we would not dismiss the Indictment with prejudice. In determining whether to dismiss a case with or without prejudice, the Speedy Trial Act requires the Court to consider: "(1) the seriousness of the offense, (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice." *United States v. Killingsworth*, 507 F.3d 1087, 1089-90 (7th Cir. 2007) (citing 18 U.S.C. §

3162(a)(2)). All of these factors weigh against dismissing the Indictment, especially the seriousness of the offenses charged. Mr. Delatorre and his co-defendants have been charged with crimes including murder, attempted murder, and conspiracy to commit murder. In addition, after the numerous motions filed by Mr. Delatorre and his attorneys, and all of the orders and opinions issued in response by this Court, reprosecution of Mr. Delatorre would undermine the administration of justice and the purposes of the Speedy Trial Act.

For these reasons, Mr. Delatorre's motion to dismiss the Indictment for violation of the Speedy Trial Act is denied. (R. 706.) This Court, like Mr. Delatorre, wishes this trial had already commenced and a verdict had been rendered. However, as outlined herein, the nature and complexity of this case did not allow this to occur. The Court is confident that with the release of this sixth pretrial opinion, this case can finally proceed to a fair and efficient trial in two days.

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: February 4, 2008